UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00087-FDW

| | | |
|---|---|---|
| ALSTON A. BENNETT, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon its own motion.

Petitioner Alston A. Bennett, III, filed a "Petition for Habeas Corpus" on February 18, 2018. (Doc. Nos. 1, 4.)[1] On February 22, 2018, the Clerk of Court mailed Petitioner a Notice of Deficiency alerting him that he must either file an application to proceed without prepayment of fees and affidavit or pay a filing fee of $5.00, providing him a blank application and affidavit form, directing him to correct the deficiency within 21 days, and warning him that failure to correct the deficiency could result in dismissal of his habeas petition for failure to prosecute. (Doc. No. 3.)

On March 6, 2018, the Clerk received Petitioner's response asserting that "[a]ccording to the United States Constitution the writ of habeas corpus cannot be suspended and there can be no filing fee." (Resp. 1, Doc. No. 6.) Petitioner then demands that the Clerk provide him proof – under court seal and signed under penalty of perjury -- of the fee requirement. Additionally,

---

[1] Petitioner filed a duplicate of the Petition, which was received by the Clerk of Court on March 5, 2018 and docketed as a separate petition for writ of habeas corpus. (Doc. No. 4.)

1

Petitioner contends that refusal by the Clerk to allow Petitioner to exercise any of his constitutional rights is a violation of the Clerk's fiduciary duties, which can subject him or her to "remedy actions . . . under Title 18 and Title 42," in his or her official and private capacities. (Resp. 1-2.)

Notwithstanding Petitioner's assertion to the contrary, federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a $5.00 filing fee or be granted leave by the court to proceed without prepayment of fees and costs. 28 U.S.C. §§ 1914, 1915. For those seeking indigent status, Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires a prisoner's habeas petition be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Nothing under federal criminal or civil law or rules of procedure requires the Clerk of Court to acquiesce to Petitioner's demand of proof of these requirements.

Petitioner has neither paid the filing fee nor submitted a motion to proceed without prepayment of the fee and affidavit of indigency, and he has been provided ample time to do so. (Doc. No. 3.) Accordingly, the Court will dismiss the habeas petition without prejudice to Petitioner's ability to refile it, along with the $5.00 filing fee or the motion and affidavit.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice** for failure to prosecute; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 2, 2018

Frank D. Whitney
Chief United States District Judge